United States District Court
Southern District of Texas

**ENTERED**

May 14, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ODEL MORALES PEREZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-cv-03389** |
| | § | |
| **MARKWAYNE MULLIN, _et al._,** | § | |
| | § | |
| **Respondents.** | § | |

## MEMORANDUM & ORDER

Before the Court is Petitioner Odel Morales Perez's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment and Motion for Leave to Effectuate Removal (ECF No. 7). After considering the briefing and applicable law, the Court hereby **GRANTS** Petitioner's Petition for Writ of Habeas Corpus. Respondents' Motion for Summary Judgment is **DENIED**. Since this order resolves the Petition for habeas corpus, the stay of removal which the Court imposed in its Order for Answer (ECF No. 4) is **LIFTED**.

### I.   BACKGROUND

Petitioner Odel Morales Perez is a citizen of Cuba who entered the United States without proper documentation in February 2019. ECF No. 7, Ex. 1 (Notice to Appear). Petitioner claimed fear of returning to Cuba and was placed in full removal proceedings before an Immigration Judge (IJ). _Id_. On June 8, 2020, the IJ denied Petitioner's application for asylum and ordered him removed to Cuba. ECF No. 7, Ex. 2 (Removal Order). No alternative countries of removal were listed. _Id_. Petitioner was deemed to have waived his right to appeal the IJ's removal order, so it

became administratively final on June 8, 2020.[1] *See* 8 C.F.R. § 1241.1. However, the Government was unable to effectuate Petitioner's removal, and he was ordered released on an Order of Supervision (OSUP) on October 13, 2020. ECF No. 1, Ex. 8 (OSUP). Petitioner was required to appear for regular check ins with Immigration and Customs Enforcement (ICE) officials, among other conditions. *Id*. The Government has not alleged the Petitioner failed to comply with any of his conditions of release. On March 14, 2024, Petitioner obtained an employment authorization document from the Government. ECF No. 10, Ex. 1. Under 8 U.S.C. § 1231(a)(7), a noncitizen who has a final order of removal is only eligible to receive employment authorization if "the Attorney General makes a specific finding that—(A) the alien cannot be removed due to the refusal of all countries designated by the alien or under this section to receive the alien, or (B) the removal of the alien is otherwise impracticable or contrary to the public interest."

On December 13, 2025, ICE re-detained Petitioner when he appeared for a scheduled ICE check-in. ECF No. 1 at ¶ 23. Petitioner has remained in custody since that date.

## II.    DISCUSSION

The Immigration and Nationality Act ("INA") typically allows the United States Government ("the Government") ninety days to remove a noncitizen following an order of removal. 8 U.S.C. § 1231(a)(1).[2] Absent unusual circumstances, this "removal period" begins

---

[1] On April 24, 2026, Petitioner filed a Motion to Reopen his immigration proceedings based on the fact that Petitioner was identified as having a potential mental illness or intellectual disability in the course of a prosecution for assault in Harris County in August of 2020 and was not provided any protections on the basis of his mental illness during his removal proceedings. *See* ECF No. 1 at ¶¶ 4-6. As Petitioner concedes, however the pending Motion to has no bearing on the legality of Petitioner's detention, and the Court therefore does not address this issue. *See* ECF No. 8 at 1, n. 1.

[2] In his Petition, Petitioner incorrectly suggested that he was detained pursuant to 8 U.S.C. § 1225(b)(2). However, the Petition brings claims for violations of the Due Process Clause, *Zadvydas v. Davis*, and the Immigration and Nationality Act generally. Additionally, Petitioner correctly briefed the legality his detention under § 1231 in his response to Respondents' Motion

when a removal order "becomes administratively final." *Id.* The ninety-day period may be "extended . . . if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." *Id.* The Government may also keep a person in prolonged custody if they present certain dangers to the community or are "unlikely to comply with [their] order of removal." 8 U.S.C. § 1231(a)(6).

After six months of post-removal order custody, continued confinement raises constitutional concerns. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Under *Zadvydas v. Davis*, if a noncitizen who has been detained pursuant to § 1231 for over six months "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. In the event it cannot, the individual must be released. *See id.* at 700.

In this case, ninety-day removal period set forth in 8 U.S.C. § 123l(a)(l)(A) expired on September 6, 2020. Although Petitioner's current period of ICE detention has lasted for "only" five months, Petitioner's removal order has been administratively final for more than five years. This Court joins the many district courts that have held that the presumption of reasonability for six months can be overcome in cases where a noncitizen is re-detained many years after the initial entry of a final removal order. *See, e.g.*, *Gomez-Simeon v. Bondi et al.*, No. SA-25-CV-01460-JKP, 2025 WL 3470872, at *3 (W.D. Tex. Nov. 24, 2025); *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *9 (S.D. Tex. Sept. 26, 2025); *Zavvar v. Scott,* No. CV 25-2104-TDC, 2025 WL 2592543, at *6 (D. Md. Sept. 8, 2025). Considering the more than five years that Petitioner's

---

for Summary Judgment. *See* ECF No. 8. The Court therefore concludes that it is unnecessary to require Petitioner to amend his Petition.

removal order has been final with no steps taken towards effectuating removal and the undisputed fact that Petitioner's country of origin, Cuba, is unwilling to accept Petitioner, the Court finds that the presumption of reasonability is either inapplicable or rebutted.

The burden thus shifts to the Government to produce "evidence sufficient to rebut" the showing that Petitioner's removal is not reasonably foreseeable. *Zadvydas*, 533 U.S. 678 at 701 (2001). Respondents have failed to do so. Respondents concede that Petitioner may not be removed to Cuba, but argue that removal is reasonably foreseeable because "DHS has been pursuing third-country removal options" and has apprised the U.S. Attorney's Office that it is "in the process of removing Petitioner to Mexico." ECF No. 7. Respondents go so far as to claim that "only obstacle [to Petitioner's removal] at this point is the Court's order staying removal without leave of court." *Id*. Despite these bold statements, however, Respondents have provided no evidence that removal to Mexico is likely—let alone reasonably foreseeable—save a generic Form I-229(a) provided to Petitioner on April 2, 2026. *See* ECF No. 7, Ex. 3. This document makes no mention of Mexico, does not state that removal is forthcoming, and contains no information specific to Petitioner. Rather, the form reiterates the general requirement that a noncitizen subject to a final order of removal be willing to assist in his removal. Moreover, it was not provided to Petitioner until April 2, 2026, nearly four months after Petitioner was re-detained. Finally, even if Respondents were able to demonstrate that Mexico was willing to accept Petitioner, Petitioner would then be "entitled to seek fear-based relief from removal to that country," likely resulting in another proceeding before an immigration judge. *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 399 (D.N.J. 2025).

Under these circumstances, the Government has not carried its burden to show that removal is reasonably foreseeable. *See Mogos v. Thompson*, No. 5:26-CV-0740-JKP, 2026 WL 475079, at *6 (W.D. Tex. Feb. 13, 2026) ("When there has been a long period of time between an issued

supervision order (in this case more than seven years) and being taken into custody; no removal plan in place at the commencement of detention; an initial lack of explanation for detention; an unrealized, after-the-fact contention that the Government intends to expeditiously remove the petitioner; and no immigration proceedings concerning removal to a third country, the circumstances demonstrate that there is no substantial likelihood that Petitioner's removal is reasonably foreseeable."); *Villanueva v. Tate*, 801 F. Supp. 3d 689, 704 (S.D. Tex. 2025) (finding that potential of third country removal did not render removal reasonably foreseeable); *Abuelhawa v. Noem*, No. 4:25-CV-04128, 2025 WL 2937692, at *10 (S.D. Tex. Oct. 16, 2025) (finding that "the Government hasn't demonstrated *any* likelihood of removal, much less a *significant* one" where the Government failed to identify a third country willing to accept the petitioner or present evidence that such an occurrence was likely).[3]

The Court concludes that Petitioner's ongoing detention contravenes the INA and *Zadvydas*. Accordingly, the Court **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody **<u>within 48 hours</u>**, pursuant to the terms of his prior Order of Supervision.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel of the time and place of his release **<u>no less than three hours</u>** prior.

---

[3] Additionally, the Court concludes that Respondents' re-detention of Petitioner likely failed to comply with 8 CFR § 241.13, thereby violating Petitioner's right to due process of law. *See, e.g., Abuelhawa v. Noem*, No. 4:25-CV-04128, 2025 WL 2937692 (S.D. Tex. Oct. 16, 2025); *Salgar v. Noem*, 4:25-cv-04797 (S.D. Tex. Nov. 14, 2025). However, this is not the basis for the Court's holding, as neither party has addressed the regulatory argument.

3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.

4. Petitioner shall comply with the conditions of his previous Order of Supervision while released. Respondents may not subject Petitioner to additional conditions of release without a hearing at which the government bears the burden of showing why new conditions are necessary.

5. Respondents shall not re-detain Petitioner under 8 C.F.R. § 241.13(i)(2)-(3) unless and until Respondents have obtained documents allowing for Petitioner's removal.

6. Respondents shall update the Court on the status of Petitioner's release on or before May 18, 2026.

7. Since this order resolves the Petition for habeas corpus, the stay of removal which the Court imposed in its Order for Answer (ECF No. 4) is **LIFTED**.

**IT IS SO ORDERED.**

Signed at Houston, Texas, on May 14, 2026.

Keith P. Ellison
United States District Judge